ORDER DENYING PETITION FOR REVIEW
GARY P. SULLIVAN, Chief Justice.
A timely PETITION FOR REVIEW having been filed April 28, 2000, by Mary Zemyan, Esq., on behalf of Gregan Wort-man and Yelonda Walking Eagle, from an Order on April 6, 2000, granting a Motion to Exclude Gregan Wortman, the putative father, from further proceedings, the Honorable Chief Judge A.T. Stafne, presiding, and good cause appearing therefor, this Court finds:
1. On or about July 23, 1999, Maxine Grant, the maternal grandmother of the minor child, obtained a temporary custodial order in her favor from the Fort Peck Tribal Court.
2. On or about August 12, 1999, a Petition for Custody was filed in the Fort Peck Tribal Court on behalf of Yelonda Walking Eagle, biological mother and Gregan *223 Wortman, the putative father, of the child. A hearing was calendared for September 3,1999, at which time the Fort Peck Tribal Court found that Maxine Grant had never filed a petition for custody. Accordingly, the Tribal Court vacated its previous custodial order in her favor and gave custody to the biological parents. It was not clear whether this ‘return of custody’ was pursuant to the petition for joint custody filed on behalf of the parents, or whether it resulted solely from the disclosure that no petition had been previously filed by Maxine Grant.
On or about November 5, 1999, Yelonda filed a petition in the Fort Peck Tribal Court for sole custody of the subject minor child.
Sometime in December, 1999, a Petition for Emergency Hearing, pursuant to Title IX. CCOJ 2000 S § 202 & 301. was filed by LaFon Copenhaver, Guardian ad litem for the Fort Peck Tribes.
On December 27, 1999, an emergency hearing was held in the Foil Peck Tribal Court and following that hearing, the Court, The Honorable John Christian, presiding, found that the Fort Peck Tribal Court “has exclusive jurisdiction over the determination of this matter under the Indian Child Welfare Act of 1978 (25 USC § 1911(a)) and the Fort Peck Tribal Comprehensive Code of Justice”. A written ORDER was signed by the Tribal Court on January 3, 2000.
Following the finding of jurisdiction, the Tribal Court made the child a ward of the Court and found that it was in the best interests of the child to be removed from the home of Jean and Llwellyn Wort-man, the putative paternal grandparents, who are residents of the State of Maine. The biological father had purportedly placed the child in his parents’ home in Maine without the knowledge of the biological mother and without leave of the Tribal Court.
7. The putative father objected to the finding of jurisdiction in the Tribal Court and filed a Request for Stay of the Tribal Court’s order to return the child to Foil Peck. On January 10, 2000, this Court affirmed the Tribal Court’s order and denied the Request for Stay in FPCOA # 338. The child was returned to Fort Peck by B.I.A. officials and placed in the care, custody and control of Maxine Grant.
8. On January 14, 2000, Jean and Llwellyn Wortman, filed a Petition for Custody. In their petition for custody of A.W.E., the Wort-mans alleged that they were the paternal grandparents, that Yelon-da Walking Eagle was the mother and Gregan Wortman was the father of the minor Indian child. Concurrent with this petition, Gre-gan filed a Motion for Paternity Testing.
9. On February 8, 2000, Maxine filed a Petition for Custody.
10. On February 9, 2000, Gregan and Yelonda both filed documents with the Tribal Court entitled “Consent”, wherein each of them stated that they consented to the petition for custody by the Wortmans and that they believed that it was in the best interests of the child to be placed in the Wortmans’ home in Maine.
*224 11. On February 14, 2000, the Guardian ad Litem tiled a Motion to Exclude Gregan from further proceedings in the matter, based upon the fact that the results of the paternity test revealed that Gregan was not the biological father of A.W.E.
12. On February 14, 2000, a Motion to Dismiss the proceedings was filed by Mary L. Zemyan[1], Esq., on behalf of the “parents”.
13. On March 30, 2000, a hearing on both Motions was held. The Tribal Court granted both the Motion to Exclude and the Motion to Dismiss on April 7, 2000.
14. Following the two orders of the Court on April 7, 2000, there are no further matters pending before the Court at the time of the filing of the Petition for Review, therefore the matter is moot.
NOW THEREFORE, IT IS THE ORDER OF THIS COURT:
For the reasons stated, the Petition for Review is denied.

. Mary L. Zemyan, Esq. Appears to have been the only legal counsel for Gregan, Yelonda, and the Wortmans in the most recent proceedings in this matter.